No. 470 July 3, 2024 633

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. W.,
*Appellant.*

Multnomah County Circuit Court
23CC02563; A181265

Benjamin S. Johnston, Judge.

Argued and submitted May 23, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals a judgment involuntarily committing him to the Oregon Health Authority (OHA) for up to 180 days and prohibiting him from possessing firearms, ORS 426.130(4), based on the trial court's finding that, as a result of a mental illness, he is a danger to others. *See* ORS 426.005(1)(f)(A). Appellant raises three assignments of error. In his first two assignments of error, appellant contends that the trial court erred when it violated protections afforded to appellant under ORS chapter 426 as a person facing civil commitment. Although appellant did not preserve those issues, he contends that they amount to reversible plain error. As explained below, we conclude that there was no plain error. In his third assignment of error, appellant raises facial and as-applied constitutional challenges to the firearms prohibition in ORS 426.130(4) under the Second Amendment and *New York State Rifle and Pistol Assn., Inc. v. Bruen*, 597 US 1, 142 S Ct 2111, 213 L Ed 2d 387 (2022). As explained below, we conclude that that issue is resolved by our decision in *State v. H. N.*, 330 Or App 482, 545 P3d 186 (2024). We affirm.

*Appellant's First and Second Assignments of Error.* On April 25, 2023, appellant was admitted to the hospital and placed on an emergency mental health hold under ORS 426.232(1)(a) and was detained until his commitment hearing on May 2. On May 1, the day before the hearing, the court issued a citation, which included advice to appellant of his right to counsel. At the hearing on May 2, the trial court advised appellant that counsel had been appointed, and appellant was represented by that counsel. Following witness testimony and examination of appellant, the trial court found that appellant was a person suffering from a mental illness and that he was a danger to others. After the hearing, on May 2, the court signed an "Order before Hearing," advising appellant of the appointment of legal counsel "as of April 28, 2023."

In his first assignment of error, appellant contends that the trial court plainly erred in failing to advise appellant of his right to counsel until the day before the hearing, and in delaying the "formal" appointment of counsel until

*after* the hearing. ORS 426.234(1)(a) provides that when a person is detained, hospital staff must "[i]nform the person of the person's right to representation by or appointment of counsel as described in ORS 426.100[.]" ORS 426.100 provides that "the court shall appoint suitable legal counsel[,]" ORS 424.100(3)(d), and that "the right *** to contact an attorney or *** to have an attorney appointed may be exercised as soon as reasonably possible[,]" ORS 424.100(3)(e). In appellant's view, those provisions required the trial court to appoint counsel earlier than it did, and, in waiting until after the hearing to "formally" appoint counsel, the trial court failed to "strictly adhere" to the protections afforded to appellant under ORS chapter 426.

The record reflects that appellant had notice of the right to counsel the day before the hearing and had counsel at the hearing. We conclude that it is not obvious that ORS 426.100(3)(e) required the trial court to appoint counsel earlier than it did, as the statute does not impose a specific timeframe for the appointment of counsel. Additionally, as the state points out, there is no evidence that appellant attempted to exercise his right to counsel before the court appointed counsel. Under those circumstances, it is not plain that the trial court's appointment process was erroneous under ORS 426.100(3)(e). *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.").

In his second assignment of error, appellant contends that the trial court plainly erred in conducting the hearing and committing appellant despite multiple failures by the examiner to meet the requirements of ORS chapter 426. We have reviewed those arguments and conclude that, with one exception, it is not obvious that the examiner's prehearing preparation, examination of appellant during the hearing, or report to the court violated the requirements of ORS chapter 426 or related administrative rules.

We agree with appellant and the state that the examiner's report did not comply with the requirements of ORS 426.120(2)(a), because it did not "include a recommendation

as to the type of treatment facility best calculated to help the person recover from mental illness." However, as the state points out, the examiner's omission of a recommendation would not have affected the trial court's decision to commit appellant, because a recommendation as to the type of treatment facility did not relate to the initial determination of whether appellant was a "person with a mental illness" under ORS 426.005(1)(f). Further, under ORS 426.060(2), the OHA has the ultimate authority to "direct any court-committed person to the facility best able to treat the person[.]" In view of those circumstances, if and to the extent that the deficiency gave rise to error, we decline to exercise our discretion to correct it.

*Appellant's Third Assignment of Error.* In his third assignment of error, appellant raises a challenge to the firearms prohibition that the trial court imposed under ORS 426.130(4). Appellant argues that that statute is unconstitutional on its face under the Second Amendment and *Bruen*.[1] In *H. N.*, we rejected that argument, determining that restricting mentally ill persons' access to firearms is consistent with our nation's history of regulating firearms, "whether categorically or because they pose a danger to themselves or to others," and that ORS 426.130(4) is therefore constitutional. 330 Or App at 492.

Affirmed.

---

[1] On appeal, appellant also raises an as-applied constitutional challenge to ORS 426.130(4). We agree with the state that that challenge was unpreserved, and we decline to address it.